SNOW JENSEN & REECE, P.C.
J. Gregory Hardman [8200]
Jeffrey R. Miles [14258]
Tonaquint Business Park
912 West 1600 South, Suite B-200
St. George, UT 84771-2747
Telephone: (435)628-3688
Facsimile: (435)628-3275
ghardman@snowjensen.com
jmiles@snowjensen.com
*Attorneys for Plaintiff Four Corners Health Care Corp.*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION (SOUTHERN REGION).**

| | |
|---|---|
| FOUR CORNERS HEALTH CARE CORP., a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ROOTS HOME HEALTH CARE INC., a New Mexico corporation; KENDRICK GOLDTOOTH, an individual resident of New Mexico; JANE AND JOHN DOES 1-10; and DOE BUSINESS ENTITIES 1-10;<br><br>Defendants. | **COMPLAINT**<br><br>**AND**<br><br>**JURY DEMAND**<br><br><br>Case No.: _____<br><br>Honorable Judge _____ |

## COMPLAINT

Plaintiff Four Corners Health Care Corp., by and through its counsel of record, J. Gregory Hardman, Jeffrey R. Miles, and Snow Jensen & Reece, P.C., hereby complain against Defendants Roots Home Health Care Inc.; Kendrick Goldtooth; John and Jane Does 1-10; and Doe Business Entities 1-10, and alleges as follows:

FCHC 2 Complaint Roots HHC 03.15.2021 729324.21 jgh

## PARTIES

1. Plaintiff Four Corners Health Care Corp. ("Four Corners") is a Utah corporation headquartered in Blanding, San Juan County, State of Utah.

2. Defendant Roots Home Health Care Inc.("Roots") is a New Mexico corporation headquartered in Farmington, San Juan County, State of New Mexico.

3. Upon information and belief, Defendant Kendrick Goldtooth ("Goldtooth") is an individual residing in Shiprock, San Juan County, State of New Mexico.

4. Defendants Jane and John Does 1-10 and Doe Business Entities 1-10, on information and belief, are businesses, persons, partners, physicians, agents, or associates of Roots, who may also be involved in the same business, participated in the acts hereafter alleged, and later may be specifically identified as parties herein.

## JURISDICTION AND VENUE

5. This is a civil action for Defendants' interstate acts of unfair and unlawful competition against Four Corners.

6. This Court has diversity jurisdiction over this dispute pursuant to 28 U.S.C. § 1332. The parties in the action are completely diverse and the amount in controversy exceeds $75,000, excluding interest and costs.

7. Defendants are subject to the personal jurisdiction of this Court because they each have sufficient minimum contacts with the State of Utah, including by seeking to treat and actually treating home health care patients and paying home health aides within the state of Utah.

8. The state law claims asserted herein are so related to those claims over which this Court has original jurisdiction as to form part of the same case or controversy. This Court therefore has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the related common law and state law claims asserted herein.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because some of the acts and subject matter on which the claims are based occurred in this judicial district.

## BACKGROUND

10. Four Corners is in the business of providing home health care to beneficiaries of the Energy Employees Occupational Illness Compensation Program Act ("EEOICPA") and the Radiation Exposure Compensation Act ("RECA"). EEOICPA is administered by the U.S. Department of Labor and Four Corners is a registered provider of home health care services.

11. The EEOICPA was enacted in October 2000. Part B of the EEOICPA, effective on July 31, 2001, compensates current or former employees (or their survivors) of the U.S. Department of Energy, its predecessor agencies, and certain of its vendors, contractors, and subcontractors, who were diagnosed with a radiogenic cancer, chronic beryllium diseases, beryllium sensitivity, or chronic silicosis, as a result of exposure to radiation, beryllium, or silica while employed at covered facilities. The EEOICPA also provides compensation to individuals (or their eligible survivors) awarded benefits by the Department of Justice under Section 5 of RECA. Part E of the EEOICPA, enacted October 28, 2004, compensates U.S. Department of Energy contractor and subcontractor employees, eligible survivors of such employees, and uranium miners, millers, and ore transporters as defined by RECA Section 5, for any

occupational illnesses that are causally linked to toxic exposures in the U.S. Department of Energy or mining work environment.

12. Implementation of the EEOICPA involves the coordinated efforts of four federal agencies: the U.S. Department of Labor, the U.S. Department of Energy, the U.S. Department of Justice, and the U.S. Department of Health and Human Services. The U.S. Department of Labor has primary responsibility for administering the EEOICPA, including adjudication of claims for compensation and payment of benefits for conditions covered by Parts B and E.

13. Four Corners was organized as a Utah corporation in or about October 2009.

14. Four Corners is presently one of the largest home health care agencies for EEOICPA beneficiaries, and operates in Utah, Colorado, New Mexico, and Arizona.[1]

15. Successful home health care companies serving eligible EEOICPA beneficiaries must expend substantial upfront sums of money and amounts of time to locate and qualify patients.  Marketing efforts include mass mailings, direct mailings, online website marketing, and door-to-door contacting in communities thought to have substantial concentrations of potential beneficiaries.

16. Furthermore, potential EEOICPA beneficiaries must be qualified for eligibility by the U.S. Department of Labor.  Among other criteria, a home health care agency seeking to qualify the potential beneficiary (patient) must arrange for the person to receive a medical screening exam from a licensed medical doctor and hire a nurse to prepare a plan of care report. The physician's exam results and plan of care report are then submitted by the home health care

---

[1] Four Corners also has a few patients in the State of Nevada, although Nevada is not a significant base of operations.

agency to the U.S. Department of Labor. If the potential beneficiary (patient) is deemed eligible for medical service benefits, the U.S. Department of Labor issues an authorization letter and the home health care agency may thereafter begin providing a particular compliment of medical care services by contracting with licensed medical care providers (i.e., registered nurses, certified nurse assistants, physician assistants, home health aides, therapists, etc.) at privately agreed-upon rates.

17. Providing home health care to beneficiaries of EEOICPA is highly competitive. Thus, any information known to a business in this field that is not readily ascertainable and gives an advantage to acquiring or generating patients and is very valuable.

18. Four Corners was among the first home health care agencies providing services to patients under EEOICPA and is among the largest such businesses operating in the southwestern United States.

19. Four Corners has invested large amounts of time and substantial financial resources into developing its systems and methods for developing patients.

20. In the early years of its business operations, the owners of Four Corners personally secured many of Four Corners' patients through direct door-to-door contacts, living for extended periods of time on the road in New Mexico and Arizona.

21. Four Corners was among the first home health care agencies serving EEOICPA beneficiaries within its target region, namely, the states of Utah, Colorado, New Mexico, and Arizona.

## GENERAL ALLEGATIONS

22. Upon information and belief, Roots has operated as a home health care agency for EEOICPA beneficiaries within the Four Corners region of the United States since approximately March 15, 2016.

23. Upon information and belief, Goldtooth is employed by Roots as a "marketer" whose primary assignment is to recruit prospective patients to obtain home health care services under the EEOICPA program from Roots.

24. The primary caretaker, known as a home health aide ("HHA"), for a patient under the EEOICPA program is often a close family member of the patient.

25. Defendants have engaged in several schemes in violation of the federal Anti-Kickback Statute in order to poach Four Corner's patients and their HHAs in Arizona, New Mexico, and Utah.

26. The federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, prohibits persons from knowingly and willfully offering, making, soliciting, or receiving any payment in return for referrals to individuals or entities for the furnishing of any item or service reimbursed by a federal health care program, or recommending or arranging for the ordering of any good, facility, service, or item reimbursed by a federal health care program.

27. The federal Anti-Kickback Statute further prohibits a person or entity from making false statements in the application for benefits or payments under the EEOICPA program.

28. Upon information and investigation, Defendants have sought to compete with Four Corners through the following illegal conduct:

    a. Offered gifts to Four Corners' patients and their HHAs to switch the patients' care to Roots.

    b. Offered to increase the pay of HHAs in excess of the EEOICPA reimbursable rate in order to get HHAs to switch a patients' care to Roots.

    c. Submitted claims for reimbursement under the EEOICPA program for hours far in excess of those actually worked or medically necessary by HHAs or other home health care providers.

    d. Submitted claims to the government for durable medical equipment and other benefits well in excess of that which is actually required for the patients' care in order to get the patients to switch to Roots and remain there.

    e. Offered to fraudulently increase Four Corners' patients' impairment ratings in order to obtain more benefits for the patients and entice the patients to switch companies.

    f. In order to retain patients, routinely make extra payments to HHAs in the form of cash or gifts in order to entice patients to remain with Roots.

    g. Solicited Four Corners' patients and offered those patients illegal kickbacks and bribes to switch from Four Corners to Roots.

29. As a direct result of the conduct described above, Roots has successfully poached multiple Four Corners' patients in 2019, 2020 and 2021, including patients in Utah, New Mexico, and Arizona.

## FIRST CLAIM FOR RELIEF
### (Tortious Interference with Economic Relations and Prospective Economic Relations - Utah)

30. Four Corners incorporates and realleges all other paragraphs of this Complaint as though fully set forth herein.

31. At all times relevant, Four Corners had a contractual relationship with patients in Utah to administer health care services pursuant to the EEOICPA and RECA programs.

32. At all times relevant, Four Corners had contractual relationships with HHAs and nurses through whom Four Corners would provide services to patients.

33. Defendants had actual knowledge of Four Corners' contracts with its patients, nurses, and HHAs.

34. Defendants intentionally interfered with Four Corners' contracts with its patients by offering and paying illegal bribes and kickbacks to the patients and their HHAs.

35. Defendants intentionally interfered with Four Corners' contracts with its patients by making false promises to provide benefits for which the patients were not eligible.

36. Defendants intentionally interfered with Four Corners' contracts with its patients by submitting claims to the government for durable medical equipment, impairment ratings, and benefits that were not medically justified.

37. Defendants intentionally interfered with Four Corners' contracts with its patients, nurses, and HHAs by submitting false claims to the government for payment of services not performed in order to increase its revenues and afford payment of bribes and kickbacks.

38. As a direct, proximate, and foreseeable consequence of Defendants' tortious interference, Four Corners has been damaged through the loss of patients and contractors in the state of Utah.

## SECOND CLAIM FOR RELIEF
### (Tortious Interference with Economic Relations and Prospective Economic Relations - Arizona)

39. Four Corners incorporates and realleges all other paragraphs of this Complaint as though fully set forth herein.

40. At all times relevant, Four Corners had a contractual relationship with patients in Arizona to administer health care services pursuant to the EEOICPA and RECA programs.

41. At all times relevant, Four Corners had contractual relationships with HHAs and nurses through whom Four Corners would provide services to patients.

42. Defendants had actual knowledge of Four Corners' contracts with its patients, nurses, and HHAs.

43. Defendants intentionally interfered with Four Corners' contracts with its patients by offering and paying illegal bribes and kickbacks to the patients and their HHAs.

44. Defendants intentionally interfered with Four Corners' contracts with its patients by making false promises to provide benefits for which the patients were not eligible.

45. Defendants intentionally interfered with Four Corners' contracts with its patients by submitting claims to the government for durable medical equipment, impairment ratings, and benefits that were not medically justified.

Case 4:21-cv-00037-DN Document 2 Filed 04/06/21 PageID.12 Page 10 of 13

46. Defendants intentionally interfered with Four Corners' contracts with its patients, nurses, and HHAs by submitting false claims to the government for payment of services not performed in order to increase its revenues and afford payment of bribes and kickbacks.

47. As a direct, proximate, and foreseeable consequence of Defendants' tortious interference, Four Corners has been damaged through the loss of patients and contractors in the state of Arizona.

### THIRD CLAIM FOR RELIEF
**(Tortious Interference with Economic Relations and Prospective Economic Relations – New Mexico)**

48. Four Corners incorporates and realleges all other paragraphs of this Complaint as though fully set forth herein.

49. At all times relevant, Four Corners had a contractual relationship with patients in New Mexico to administer health care services pursuant to the EEOICPA and RECA programs.

50. At all times relevant, Four Corners had contractual relationships with HHAs and nurses through whom Four Corners would provide services to patients.

51. Defendants had actual knowledge of Four Corners' contracts with its patients, nurses, and HHAs.

52. Defendants intentionally interfered with Four Corners' contracts with its patients by offering and paying illegal bribes and kickbacks to the patients and their HHAs.

53. Defendants intentionally interfered with Four Corners' contracts with its patients by making false promises to provide benefits for which the patients were not eligible.

Complaint
Four Corners Health Care Corp. v. Roots Home Health Care Inc., et al.
Page 10

54. Defendants intentionally interfered with Four Corners' contracts with its patients by submitting claims to the government for durable medical equipment, impairment ratings, and benefits that were not medically justified.

55. Defendants intentionally interfered with Four Corners' contracts with its patients, nurses, and HHAs by submitting false claims to the government for payment of services not performed in order to increase its revenues and afford payment of bribes and kickbacks.

56. As a direct, proximate, and foreseeable consequence of Defendants' tortious interference, Four Corners has been damaged through the loss of patients and contractors in the state of New Mexico.

## FOURTH CLAIM FOR RELIEF
(Utah Unfair Practices Act – Utah Code § 13-5-1 et seq.)

57. Four Corners incorporates and realleges all other paragraphs of this Complaint as though fully set forth herein.

58. Defendants have violated the Utah Unfair Practices Act by, among other things:

   a. Promising and advertising to prospective patients that they would provide durable medical equipment and other services which Defendants could not legally supply;

   b. Discriminating in price for Defendants' services and for the provision of durable medical equipment by providing kickbacks to patients and HHAs;

   c. Discriminating in price for Defendants' services by paying HHAs in excess of EEOICPA reimbursable rates;

   d. Discriminating in services to new patients by offering to falsely inflate benefits and provide benefits in excess of those allowed by law;

    e.    Providing excess compensation to patients and HHAs for the provision of services and durable medical equipment in violation of Utah Code Ann. § 13-5-3(3); and

    f.    Making payments for the benefits of patients and their HHAs as compensation for goods and services provided by the EEOICPA program through the HHAs on terms not available on proportionally equal terms to other HHAs.

59.    As a direct and proximate result of Defendants' violations of the Utah Unfair Practices Act, Defendants have substantially lessened competition and are seeking to prevent Four Corners from fairly competing with Defendants.

60.    Pursuant to the statute, Four Corners is entitled to an award of damages in the amount of three times its actual damages, which actual damages are believed to be in excess of $400,000.00.

61.    Pursuant to the statute, Four Corners is entitled to an award of its attorney fees and costs incurred in bringing this action.

62.    Pursuant to the statute, Four Corners in entitled to an injunction against Defendants, commanding them to discontinue violations of the statute.

## **PRAYER FOR RELIEF**

WHEREFORE, Four Corners pray for a judgment and an injunction as follows:

I.    Judgment finding Defendants jointly and severally liable to Four Corners in amounts to be proven at trial on each of Four Corners' claims for relief;

II.    For damages in an amount to be proven at trial for Defendants' interference with Four Corners' economic and prospective economic relationships in the state of Utah;

III.        For damages in an amount to be proven at trial for Defendants' interference with Four Corners' economic and prospective economic relationships in the state of Arizona;

IV.        For damages in an amount to be proven at trial for Defendants' interference with Four Corners' economic and prospective economic relationships in the state of New Mexico;

V.        For damages under the Utah Unfair Practices Act in the amount of three times Four Corners' actual damages, which shall be established upon proof at trial;

VI.        For an injunction under the Utah Unfair Practices Act, commanding Defendants to discontinue their violations of the Act;

VII.        Awarding Four Corners' attorneys' fees and other costs of bringing this action;

VIII.        Awarding Four Corners pre-judgment and post-judgment interest until such awards are paid in full; and

IX.        Awarding Four Corners such other and further relief as is just and equitable.

DATED this 6th day of April 2021.

SNOW JENSEN & REECE, P.C

*/s/ J. Gregory Hardman*
J. Gregory Hardman
Jeffrey R. Miles
*Attorneys for Plaintiff Four Corners Health Care Corp.*